FILED

SEP 2 7 2011

DAVID CREWS, CLERK
BY_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:11-cv-201-MPM-JMV |
| | ) | |
| v. | ) | C O M P L A I N T |
| | ) | |
| LANDAU UNIFORMS, INC. | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) | |
| | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Tara J. Smith, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission contends that Defendant, Landau Uniforms, Inc., subjected Ms. Smith to unequal terms and conditions of employment because of her sex (pregnancy) and reprimanded and discharged Ms. Smith in retaliation for complaining about unequal terms and conditions of employment.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Landau Uniforms, Inc., hereinafter ("Defendant Employer") has continuously been doing business in the State of Mississippi at its Olive Branch facility and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Tara J. Smith filed a charge with the Commission alleging violations of Title VII by Defendant Employer.   All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least August 2009, Defendant Employer has engaged in unlawful employment practices at its Olive Branch, Mississippi facility in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991. The unlawful employment practices include subjecting Tara J. Smith to discrimination because of her sex (pregnancy).

(a)     Defendant Employer operates a healthcare apparel manufacturing and retail

2

company located in Olive Branch, Mississippi, that manufactures and distributes scrubs and other healthcare related clothing.

     (b)     Tara J. Smith began working for Defendant Employer in its Distribution Center on or about January 10, 2005.

     (c)     In or around May 2009, Smith applied for a transfer to a Returns Clerk position in the Returns Department. Defendant selected Smith to work as a Returns Clerk and placed her on a 90-day probationary period.

     (d)     Smith did not receive formal training in the Returns Department, but learned on the job and received instruction from her co-worker, Salissa Akins.

     (e)     Defendant employed Smith and Akins as the only two returns clerks in the Returns Department at the time. Jamie McClure supervised Smith and Akins in the Returns Department.

     (f)     From around May 2009 until August 2009, Smith worked as a returns clerk without receiving any reprimands, verbal or otherwise, regarding work performance.

     (g)     On or around August 7, 2009, Smith informed her supervisor, Jaime McClure, that she was pregnant.

     (h)     Thereafter, McClure began subjecting Smith to unequal terms and conditions of employment, including frequent reprimands, and multiple extensions of her probationary period.

     (i)     On August 28, 2009, Smith received a negative performance evaluation from McClure, and McClure extended Smith's probationary period for an additional thirty days.

     (j)     The negative performance evaluation was based, in part, on Smith using allegedly incorrect coding entries for returns.

     (k)     On or about September 3, 2009, Smith met with McClure and Elaine Vowell, McClure's direct supervisor, regarding the performance evaluation. During this meeting, Smith

3

complained that she felt McClure treated her unfairly and had not properly trained her.

(l)     On or about September 9, 2009, Smith again met with McClure and Vowell. During this meeting, Smith complained that McClure treated her unfairly because of her pregnancy.

(m)     Smith took FMLA leave from September 10, 2009 through September 21, 2009.

(n)     When Smith returned to work on September 21, 2009, she found that no one had filled in for her to cover her work during her absence, as had been the practice in the past.

(o)     On September 29, 2009, Smith met with McClure and Andy Austin, Director of Human Resources. Defendant extended Smith's probationary period for an additional fifteen days. During this meeting with McClure and Austin, Smith complained that McClure treated her unfairly because of her pregnancy.

(p)     During October 2009, McClure instructed Salissa Akins, non-pregnant co-worker, not to assist Smith or answer any of Smith's questions.

(q)     On October 16, 2009, Smith again met with McClure and Austin. Defendant extended Smith's probationary period for another fifteen days.

(r)     On November 2, 2009, Defendant terminated Smith for alleged poor performance.

(s)     Defendant treated Salissa Akins, a non-pregnant Returns Clerk, more favorably than Smith and did not reprimand her for the same coding issues for which Defendant reprimanded Smith.

8.     The effect of the practices complained of in paragraphs 7 (f)-(s) above has been to deprive Ms. Smith of equal employment opportunities and to otherwise adversely affect her employment because of her sex (pregnancy).

9.     Since at least August 2009, Defendant Employer has engaged in unlawful employment practices at its Olive Branch, Mississippi facility in violation of Title VII of the

4

Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991. The unlawful employment practices include retaliating against Tara J. Smith because she engaged in protected activity.

    (a)    Tara J. Smith began working for Defendant Employer in its Distribution Center on or about January 10, 2005.

    (b)    In or around May 2009, Smith applied for a transfer to a returns clerk position in the Returns Department. Defendant selected her to as a returns clerk and placed her on a 90-day probationary period.

    (c)    Jaime McClure supervised Smith in the Returns Department.

    (d)    On or around August 7, 2009, Smith informed her supervisor, Jaime McClure, that she was pregnant.

    (e)    Thereafter, McClure began subjecting Smith to unequal terms and conditions of employment, including frequent reprimands, and multiple extensions of her probationary period.

    (f)    On August 28, 2009, McClure issued Smith a negative performance evaluation and extended Smith's probationary period for an additional thirty days.

    (g)    On or about September 3, 2009, Smith met with McClure and Elaine Vowell, McClure's direct supervisor regarding the performance evaluation. During this meeting, Smith complained that McClure treated her unfairly and had not properly trained her.

    (h)    On or about September 9, 2009, Smith again met with McClure and Vowell. During this meeting, Smith complained that McClure treated her unfairly because of her pregnancy.

    (i)    On September 29, 2009, Smith met with McClure and Andy Austin, Director of Human Resources, Defendant extended Smith's probationary period for an additional fifteen days. During this meeting with McClure and Austin, Smith stated Defendant treated her unfairly

5

because of her pregnancy.

(j)     On October 29, 2009, Smith met with Nat Landau, President of Defendant Employer. Smith complained to Landau that McClure treated her unfairly because of her pregnancy. Landau informed Smith that he would look into the issue.

(k)     On November 2, 2009, Defendant terminated Smith for allegedly poor performance.

10.     The effect of the practices complained of in paragraphs 9 (g)-(k) above has been to deprive Ms. Smith of equal employment opportunities and to otherwise adversely affect her employment because of she engaged in protected activity by complaining about unequal terms and conditions of employment based on sex (pregnancy).

11.     The effect of the practices complained of in paragraphs 7 and 9 above has been to deprive Tara J. Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy).

12.     The unlawful employment practices complained of in paragraphs 7 and 9 above were and are intentional.

13.     The unlawful employment practices complained of in paragraphs 7 and 9 above were done with malice or with reckless indifference to the federally protected rights of Tara J. Smith.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex discrimination and retaliation.

6

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Tara J. Smith by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Tara J. Smith.

D.     Order Defendant Employer to make whole Tara J. Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 9 above, including but not limited to expenses for relocation, job search, medical expenses not covered by employee benefit plans, as well as other out-of pocket expenses, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Tara J. Smith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 9 above including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Tara J. Smith punitive damages for its malicious and reckless conduct described in paragraphs 7 and 9 above in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

7

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

JOSEPH M. CROUT
Supervisory Trial Attorney
MS Bar No. 7900

MATTHEW H. MCCOY
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0070