IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION      PLAINTIFF

V.      CIVIL ACTION NO. 2:11-cv-201-MPM-JMV

LANDAU UNIFORMS, INC.,      DEFENDANT

## ORDER

This cause is before the court on the defendant's amended motion to compel discovery responses (#90). After considering the motion, the response, and oral argument, the court finds, pursuant to rulings made from the bench during the hearing held on August 23, 2012, the following[1]:

1. Interrogatory No. 4 is granted in part and denied in part: Information related to Tara Smith's healthcare provider records is limited to records for diagnosis or treatment of thyroid going back to 1999, psychiatric, or psychological records going back to Jan 1, 2005. Discovery related to either pregnancy and low birth-weight is excluded based on plaintiff's representations to the court that it is not going to seek damages based on Ms. Smith's second pregnancy.

2. Interrogatory No. 5 is denied: Based on Plaintiff's representations to the court that it has used reasonable efforts to respond and is currently unaware of any declarations against interest, this discovery has been provided or is otherwise nonexistent. Plaintiff is instructed to promptly supplement discovery should any new information be obtained.

---

[1]The following is *not* intended to supplant rulings made from the bench.

3. Interrogatory No. 7 is denied: Plaintiff represents to the court that all sources of income have been disclosed. Plaintiff is also instructed to determine if child support is recognized as income and supplement based on that determination.

4. Interrogatory No. 8 is denied: Plaintiff represents to the court that it has provided a full itemization of damages and clarified that the references to compensatory damages is to her claim for garden variety emotional distress damages.

5. Interrogatory No. 9 is granted in part and denied in part: Identification of any prescription medications is allowed going back to January 1, 2005. Alternatively, Plaintiff may designate only such medications as they relate to her condition referred to in Interrogatory No. 4.

6. Request for production No. 1 is denied: The Plaintiff represents to the court that all photographs of this nature have been provided to the Defendant.

7. Requests for production No. 2 and No. 3 are granted to the extent that they exist: These requests for medical bills and expenses are granted pursuant to the same limitations placed on Interrogatories 4 and 9. At this point Plaintiff represents to the court that Ms. Smith has no damages of this nature. If Ms. Smith incurs any in the future, she must supplement this discovery.

8. Request for production No. 4 is denied on basis, inter alia, of Plaintiff's representation to the court that it will not seek damages related to Ms. Smith's second pregnancy.

9. Request for production No. 6 is granted: Plaintiff is instructed to provide defendant access to tax records or otherwise provide those records, but Defendant is to bear the cost of production.

10.	Request for production No. 11 and No. 14 are denied as fully produced.

IT IS, THEREFORE, ORDERED that the defendant's motion to compel is granted in part and denied in part. Each party will bear its own cost.

**SO ORDERED** this 23rd day of August 2012.

/s/Jane M. Virden
U.S. MAGISTRATE JUDGE